OPINION
{¶ 1} On May 26, 2005, appellant, Robin Meissner, was stopped for speeding. Upon investigation, Ohio State Highway Patrol Sergeant M.G. Roth smelled a strong odor of alcohol. Appellant refused a breathalyzer test. Appellant was subsequently charged with driving under the influence of alcohol in violation of R.C. 4511.19, and was placed under an immediate administrative license suspension pursuant to R.C. 4511.191.
 {¶ 2} On June 2, 2005, appellant appealed the administrative license suspension. By judgment entry filed June 8, 2005, the trial court denied appellant's appeal.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "WHERE A PERSON IS ARRESTED FOR OVI AND PLACED UNDER AN ADMINISTRATIVE LICENSE SUSPENSION AND THE BMV FORM 2255 REFERS TO A STATEMENT OF FACTS NOT SERVED UPON THE DEFENDANT, THE TRIAL COURT COMMITS ERROR WHEN IT FAILS TO SUSTAIN THE ARRESTED PERSON'S ADMINISTRATIVE LICENSE SUSPENSION APPEAL."
 I {¶ 5} Appellant claims the trial court erred in denying the administrative license suspension appeal. We disagree.
 {¶ 6} R.C. 4511.191 governs effect of refusal to submit to chemical test. Subsection (D)(2) states the following:
 {¶ 7} "(2) The sworn report of an arresting officer completed under division (D)(1)(c) of this section shall be given by the officer to the arrested person at the time of the arrest or sent to the person by regular first class mail by the registrar as soon thereafter as possible, but no later than fourteen days after receipt of the report. An arresting officer may give an unsworn report to the arrested person at the time of the arrest provided the report is complete when given to the arrested person and subsequently is sworn to by the arresting officer. * * *"
 {¶ 8} Pursuant to R.C. 4511.191(D)(1)(c), a sworn report must include the following:
 {¶ 9} "(i) That the officer had reasonable grounds to believe that, at the time of the arrest, the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine;
 {¶ 10} "(ii) That the person was arrested and charged with operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine;
 {¶ 11} "(iii) That the officer asked the person to take the designated chemical test, advised the person of the consequences of submitting to the chemical test or refusing to take the chemical test, and gave the person the form described in division (C)(2) of this section;
 {¶ 12} "(iv) That the person refused to submit to the chemical test or that the person submitted to the chemical test and the test results indicate that the person's blood contained a concentration of eight-hundredths of one per cent or more by weight of alcohol, the person's breath contained a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, or the person's urine contained a concentration of eleven-hundredths of one gram or more by weight of alcohol per one hundred milliliters of the person's urine at the time of the alleged offense;
 {¶ 13} "(v) That the officer served a notice of suspension upon the person as described in division (D)(1)(a) of this section."
 {¶ 14} Appellant was served with a BMV Form 2255 license suspension. Pursuant to the form, Sergeant Roth found appellant had a "[s]trong odor of an alcoholic beverage" and "[f]aile (sic) sobriety test." Sergeant Roth indicated "[s]ee Statement of Facts." Appellant argues she was not served with the statement of facts and therefore the BMV Form 2255 was incomplete. In support of her position, appellant relies upon this court's opinion in State v. Willman, Fairfield App. No. 01CA00055, 2002-Ohio-3474, wherein this court reviewed an almost identical fact pattern and held because the trooper did not serve the defendant with the "supplement" as indicated on the BMV Form 2255, the form was incomplete. As a result, the trooper failed to comply with the mandatory requirements and appellant was not provided with adequate notice.
 {¶ 15} We find the Willman case to be distinguishable from the case sub judice. In Willman, the trooper "set forth his reasonable grounds of OMVI before the administration of the test as `See Supplement.'"Willman, at 6. In this case, Sergeant Roth indicated there was a strong odor of alcohol and appellant failed the sobriety test. The BMV Form 2255 sub judice complied with the mandates of R.C. 4511.191(D)(1)(c) and appellant was served with adequate notice.
 {¶ 16} Upon review, we find the trial court did not err in denying appellant's appeal of the administrative license suspension.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio is affirmed.